IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JERRY O'NEIL<br><br>                Plaintiff,<br><br>vs.<br><br>CHIP WEBER, in his capacity as Forest Supervisor for the Flathead National Forest; CHRIS SAVAGE, in his capacity as the Forest Supervisor for the Kootenai National Forest; CAROLYN UPTON, in her capacity as Forest Supervisor for the Lolo National Forest; BILL AVEY, in his capacity as Forest Supervisor for the Helena-Lewis and Clark National Forest; and the UNITED STATES FOREST SERVICE, a federal agency,<br><br>                Defendants. | CV 19-140-M-DLC-KLD<br><br>FINDINGS & RECOMMENDATION AND ORDER |

This matter comes before the Court on Plaintiff Jerry O'Neil's motion for entry of default judgment against Defendants Chip Weber and the United States Forest Service. For the reasons outlined below, O'Neil's motion should be denied.

**I.   Background**

On August 22, 2019, O'Neil, who is proceeding pro se, filed a Complaint for Declaratory and Injunctive Relief against the above-named Defendants. (Doc. 1).

1

O'Neil paid the $400 filing fee, and summons were issued as to all named Defendants. (Doc. 4). On August 23, 2019, the Court issued an order requiring the parties to file a Case Management plan on or before December 2, 2019. (Doc. 5). On November 7, 2019, O'Neil filed an Amended Complaint against the same Defendants. (Doc. 6). O'Neil subsequently sought and obtained two extensions of the deadline for filing a Case Management Plan, which is now due on May 18, 2020. (Docs. 10, 17).

On January 30, 2020, Plaintiff filed Summons Returned Executed as to Defendants United States Forest Service and Chip Weber, the Supervisor of the Flathead National Forest. (Doc. 16). Each Summons Returned Executed includes the summons and proof of service signed by Plaintiff's friend, Brandy Jones. (Doc. 16). The proof of service forms indicate that Jones personally served the Forest Service and Weber on January 17, 2020, by delivering copies of the Summons and Amended Complaint to an individual at the office of the Supervisor of the Flathead National Forest in Kalispell, Montana. (Doc. 16). The docket entry for the Summons Returned Executed reflects that, based on a January 17, 2020 service date, the Forest Service and Weber were required to file answers by March 17, 2020. (Doc. 16). That deadline passed without an appearance or answer by either Defendant.

On April 4, 2020, Plaintiff filed the pending motion for default judgment against the Forest Service and Weber. Plaintiff asks the Court to: (1) declare that the Forest Service has violated and continues to violate the law as alleged in the Amended Complaint; (2) remand this matter to the Forest Service with instructions to comply with NEPA, NFMA, the Travel Management Rule, and Forest Planning Rules as alleged in the Amended Complaint, and; (3) vacate relevant and appropriate portions of the Forest Service's decision approving the revised Forest Plan pending compliance with the law as stated in the Amended Complaint. (Doc. 18 at 1-2).

## II. Discussion

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The rule outlines a two-step process for obtaining a default judgment, consisting of: (1) the clerk's entry of default under Rule 55(a), and (2) a motion for default judgment under Rule 55(b). See *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). Under this two-step process, an entry of default by the clerk under Rule 55(a) is a necessary prerequisite to an entry of default judgment under Rule 55(b).

Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plea or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, the

docket reflects that the clerk has not entered a Rule 55(a) default against the Forest Service or Weber. Because Plaintiff has not obtained an entry of default, his motion for a Rule 55(b) default judgment against the Forest Service and Weber is premature and should be denied.

In light of Plaintiff's pro se status, the Court liberally construes O'Neil's motion for default judgment as motion for entry of default under Rule 55(a). But even so construed, O'Neil's motion fails. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Taylor v. U.S. Office of Personnel Management*, 2014 WL 5390228, at *3 (D. Haw. Oct. 22, 2014) (quoting *Stephenson v. Lappin*, 2007 WL 1113550, at *2 (E.D. Cal. Apr. 13, 2007)). Thus, although Rule 55(a) uses mandatory language, the clerk is not required to enter default unless the party against whom default is sought has been properly served.

Here, the record reflects that O'Neil has not properly served the two defendants against whom he is seeking default. In his original and amended pleading, Plaintiff properly identifies the Forest Service as an agency of the United States, and names Weber in his capacity as the Forest Supervisor for the Flathead National Forest. (Docs. 1, 6).

The requirements for accomplishing service of process on agencies, officers, or employees of the United States are set forth in Federal Rule of Civil Procedure 4(i). "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Based on the docket in this case, it appears that O'Neil has not effected service on the Forest Service or Weber as prescribed by Rule 4(i). The documents O'Neil relies on as proof of service on the Forest Service and Weber reflect that he delivered a copy of the summons and Amended Complaint to an individual at the office of the Supervisor of the Flathead National Forest in Kalispell, Montana.

(Doc. 16). There is no indication that O'Neil has properly served the United States by sending copies of the summons and complaint to the United States Attorney and Attorney General of the United States as required by Rule 4(i)(1).

Because O'Neil has not shown that he properly served the United States, his purported service on the Forest Service and Weber is insufficient. Absent effective service of process, O'Neil is not entitled to entry of default against the Forest Service and Weber under Rule 55(a). Although pro se litigants like O'Neil are held to less stringent standards than lawyers, pro se litigants are still required to follow the same rules of procedure that govern other litigants. See e.g. *Ghazali v. Moran*, 46 F.3d5 2, 54 (9th Cir. 1995). Because O'Neil has not established that he accomplished service of process on the Forest Service or Weber in compliance with the Federal Rules of Civil Procedure, his constructive motion for entry of default under Rule 55(a) is properly denied. Nevertheless, in light of O'Neil's pro se status, he should be given an additional period of time to correct the deficiencies identified above.

The Court takes this opportunity to note that O'Neil has not provided any proof of service whatsoever as to Defendants Chris Savage in his capacity as Forest Supervisor for the Kootenai National Forest, Carolyn Upton in her capacity as Forest Supervisor for the Lolo National Forest, or Bill Avey in his capacity as Forest Supervisor for the Helena-Lewis and Clark National Forest.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a complaint and summons within 90 days "after the complaint is filed." Unless a plaintiff "shows good cause" for failing to timely serve a complaint on a defendant, "the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). O'Neil filed his original Complaint on August 22, 2019, and filed his Amended Complaint on November 7, 2019. As of the date of this Order, there is no indication that O'Neil has accomplished service on Defendants Savage, Upton, or Avey. Because the 90-day period for accomplishing service has passed, Plaintiff must show good cause for failing to timely serve these Defendants or the action against them may be dismissed without prejudice under Rule 4(m).

### III. Conclusion

For the reasons set forth above,

IT IS ORDERED that on or before May 12, 2020, Plaintiff shall show good cause for failing to timely serve his Complaint or Amended Complaint on Defendants Chris Savage, Carolyn Upton, and Bill Avey. Plaintiff is advised that if he fails to show good cause, this case may be dismissed without prejudice under Rule 4(m) as to Defendants Savage, Upton, and Avey.

IT IS FURTHER ORDERED that the May 18, 2020 deadline for filing the Case Management Plan (Doc. 17) is VACATED and will be reset as necessary.

IT IS RECOMMENDED that O'Neil's motion for default judgment under Rule 55(b) and his constructive motion for entry of default under Rule 55(a) be DENIED.

IT IS FURTHER RECOMMENDED that O'Neil be given an additional 30 days from the date of the Court's order on this Recommendation to complete service on the United States Forest Service, a federal agency, and Chip Weber, in his capacity as the Forest Supervisor for the Flathead National Forest, in accordance with Rule 4 of the Federal Rule of Civil Procedure.

Plaintiff is advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court within fourteen (14) days after entry hereof, or objection is waived.

DATED this 28th day of April, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge