MISSOULA DIVISION
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| JERRY O'NEIL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CHIP WEBER, in his capacity as Forest Supervisor for the Flathead National Forest; and the UNITED STATES FOREST SERVICE, a federal agency,<br><br>　　　　　　Defendants. | CV 19-140-M-DLC-KLD<br><br>ORDER AND FINDINGS & RECOMMENDATION |

　　　　This matter comes before the Court on Plaintiff Jerry O'Neil's request for entry of default (Doc. 23) and the federal defendants' motion to dismiss for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 24).

　　　　O'Neil, who is proceeding pro se, filed his original Complaint on August 22, 2019, and filed his Amended Complaint on November 7, 2019. (Docs. 1, 6). On January 30, 2020, O'Neil filed Summons Returned Executed as to Defendants United States Forest Service and Chip Weber, the Supervisor of the Flathead National Forest. (Doc. 16). The docket entry for the Summons Returned Executed reflected that, based on a January 17, 2020, service date, the Forest Service and Weber were required to file answers by March 17, 2020. (Doc. 16). That deadline

1

passed without an appearance or answer by either Defendant, and on April 4, 2020 O'Neil filed a motion for default judgment. (Doc. 18).

On April 28, 2020, the undersigned recommended that O'Neil's motion for default judgment be denied because his attempted service on the Forest Service and Weber did not comply with the requirements of Federal Rule of Civil Procedure 4(i). (Doc. 19). In light of O'Neil's pro se status, the undersigned recommended that O'Neil be granted an additional 30 days within which to complete service on the Forest Service and Weber. (Doc. 19 at 8). Presiding United States District Court Judge Dana L. Christensen adopted that recommendation, and on June 25, 2020 issued an order denying O'Neil's motion for default judgment and giving him until July 27, 2020 within which to complete service on the Forest Service and Weber. (Doc. 22).

In the meantime, on May 15, 2020, O'Neil filed an Affidavit of Service for the United States, stating that he mailed copies of the summons and complaints to the United States Forest Service, the United States Attorney's Office for the District of Montana, and the United States Attorney General. (Doc. 20). On July 28, 2020, O'Neil filed the pending request for entry of default against the Forest Service and Weber. (Doc. 23). In support of his request for entry of default, O'Neil attached certified mail receipts for the documents he had mailed on May 15, 2020. (Doc. 23).

2

On July 31, 2020, the United States, on behalf of the United States Forest Service and Weber, filed the pending motion to dismiss for improper service under Rule 12(b)(5). (Doc. 24). The United States acknowledges that on May 18, 2020, the United States Attorney's Office for the District of Montana received a complaint from O'Neil (Doc. 25-1), but points out that it is different from the Amended Complaint filed with the Court. (Doc. 6). Because O'Neil served a different version of the complaint than the one filed with the Court, the United States takes the position that service of process is insufficient. The United States argues dismissal under Rule 12(b)(5) is warranted because the Court has previously extended the deadline for service under Rule 4(m), and there is no good cause for doing so again.

In response, O'Neil concedes that he mistakenly served "the next to last version of the amended complaint from [his] computer instead of the copy on file with the Court." (Doc. 26 at 1). O'Neil lists the differences between the two versions, and argues the pleading he served on the United States "does not differ substantially from the complaint filed with the Court" and was sufficient to provide the United States with notice of his claims and allegations. (Doc. 26 at 5-6). O'Neil apologizes for his "sloppy work" and states that he will send a copy of the Amended Complaint to the defendants, provided the Court grants him leave to do so. (Doc. 26 at 6).

3

Where, as here, the plaintiff is proceeding pro se, the Court has discretion to liberally construe Rule 4(m)'s good cause requirement. *Hughes v. Rowe,* 449 U.S. 5, 9-10 (1980). Even without a showing of good cause, the Court has discretion to extend the time for service based on considerations such as whether a pro se litigant is confused about the requirements of service, prejudice to the defendant, actual notice of the lawsuit. See e.g. *Efaw v. Williams*, 473 F.3d 1038, 104-41 (9th Cir. 2007); Advisory Committee Notes to the 1993 Amendments to Rule 4(m); *Garden City Boxing Club, Inc. v. Ocampo*, 2005 WL 1898416 *1 (E.D. Wash. Aug. 8, 2005).

Although O'Neil has certainly had difficulty accomplishing service, it appears that he has made a good faith effort to comply with the Court's orders and the requirements of Rule 4. The United States received actual notice of O'Neil's lawsuit and the general nature of his claims within the extended deadline for accomplishing service. The United States will not be significantly prejudiced if O'Neil is given a short final extension of time to perfect service of his Amended Complaint. Under the circumstances, and in the interest of resolving litigation on the merits rather than on the basis of procedural technicalities, dismissal under Rule 12(b)(5) is not warranted. Instead, O'Neil should be given a brief and final extension of time to complete service. Accordingly,

IT IS ORDERED that O'Neil's Request for Entry of Default pursuant to Rule 55(a) (Doc. 23) is DENIED.[1] In addition,

IT IS RECOMMENDED that Defendants' Motion to Dismiss for Improper Service (Doc. 24) be DENIED.[2] O'Neil should be given ten days from the date of the Court's order on this Recommendation to complete service on the Forest Service and Weber. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court within fourteen (14) days after entry hereof, or objection is waived.

DATED this 14th day of August, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] A decision on whether to direct the clerk to enter default under Rule 55(a) is not dispositive of a claim or defense of a party, and may be finally determined by a magistrate judge. See e.g. *Calloway v. Pankopf*, 2014 WL 251907 *2 (D. Nev. Jan. 22, 2014).

[2] Although the Defendants' reply brief is not due until August 24, 2020, "[a] motion is deemed ripe for ruling at the close of the time for response." Local Rule 7.1(d)(1)(D). The record contains all of the information necessary for the Court to make an informed decision on Defendants' motion to dismiss without the benefit of a reply.