IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JERRY O'NEIL, <br><br> Plaintiff, <br><br> vs. <br><br> KURT STEELE, in his capacity as Forest Supervisor for the Flathead National Forest; and the UNITED STATES FOREST SERVICE, a federal agency, <br><br> Defendants. | CV 19–140–M–DLC <br><br><br> ORDER |

Before the Court is Plaintiff Jerry O'Neil's Notice of Appeal and Objections to Magistrate's Denial of Motion for Custom Case Management Plan. (Doc. 39.) At the outset, Mr. O'Neil argues that he never consented to the Court's delegation of pretrial matters to United States Magistrate Judge Kathleen L. DeSoto. (*Id.* at 1–2.) Then, setting aside the issue of consent, Mr. O'Neil objects to Judge DeSoto's denial of his Motion for Customized Case Management Plan. (*See* Docs. 37, 38.) The Court will first consider Mr. O'Neil's argument that he never consented to Judge DeSoto's designation. The analysis on this issue also provides the standard of review the Court must apply to his primary objection.

The Federal Magistrates Act grants district courts the authority to delegate certain matters to magistrate judges. *See* 28 U.S.C. § 636(b)(1). Relevant here, a

- 1 -

district court may designate a magistrate judge to determine any pretrial matter in civil cases, except "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." *Id.* Nothing in this subsection requires the parties' consent for such a delegation of nondispositive pretrial matters. Similarly, Federal Rule of Civil Procedure 72, which implements the Federal Magistrates Act, explains that "[w]hen a pretrial matter not dispositive of a party's claim . . . is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). Again, nothing in the Rule requires the parties' consent to such a referral. Instead, if a party disagrees with the magistrate judge's nondispositive pretrial ruling, it may file objections to it—just as Mr. O'Neil did here. The Article III judge then must consider the objections and "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.*

True, as Mr. O'Neil argues, "[c]onsent . . . is the touchstone of magistrate judge jurisdiction." (*See* Doc. 39 at 1 (*citing Wilhelm v. Rotman*, 680 F.3d 1113, 1119 (9th Cir. 2012); *Roell v. Withrow*, 538 U.S. 580, 599 (2003) (Thomas, J., dissenting)).) However, the cases that he cites for the consent requirement refer to

subsection (c), rather than subsection (b), of the Magistrate Judges Act. Unlike subsection (b), subsection (c) relates to the circumstances under which a magistrate judge may be delegated "to enter a final, appealable judgment of the district court." *Wilhelm*, 680 F.3d at 1119. Specifically, *on the parties' consent*, a United States magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court . . . [s]he serves." 28 U.S.C. § 636(c)(1). If a magistrate judge is so designated, the clerk of court must notify the parties, who may withhold their consent. *Id.* at § 636(c)(2).

In short, Mr. O'Neil's argument on this point confuses two distinct sections of the statutory scheme that contemplate delegation to a magistrate judge: one that does not require parties' consent, but allows for objections, and the other that provides for notice and consent prior to delegation. And here, the delegation to which Mr. O'Neil objects falls into the former category. That is, Judge DeSoto's order sets out a case management plan—a nondispositive matter. *See Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) (explaining that dispositive matters include those expressly listed in § 636(b)(1)(A) as well as "analogous matters" that do not "dispose of any claims or defenses and [do] not effectively deny [] any ultimate relief sought"). Thus, the Court properly designated Judge DeSoto to determine nondispositive pretrial matters without Mr. O'Neil's consent pursuant to

28 U.S.C. § 636(b)(1)(A).[1]  Accordingly, the Court considers his objection and will modify or set aside Judge DeSoto's order only if it finds that it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

Judge DeSoto rejected Mr. O'Neil's proposed case management plan, which "would provide for discovery, a multiphase sequence of early and late mediation, and jury trial," because his claims for declaratory and injunctive relief are governed by the Administrative Procedures Act, 5 U.S.C. § 701–706.  (Doc. 38.)  Thus, she explained, the case is exempt from general pretrial requirements under the Local Rules.  (*Id.*)  Mr. O'Neil objects, arguing that the case management plan constitutes an "abuse of discretion," because it allows him no time to obtain expert testimony and evidence regarding 63 documents in the administrative record.  (Doc. 39 at 3–4.)  He goes on to explain that "this case cannot possibly be decided merely within the confines of the Administrative Procedure Act, because several concepts, terms or phrases must be defined as a matter of constitutional application and construction of the National Environmental Policy Act."  (*Id.* at 6.)  Mr. O'Neil describes his plan of action, which Judge DeSoto's order allegedly obviates, as "eight-months' time frame for discovery to be completed . . . with a

---

[1] The Court notes for Mr. O'Neil, too, that when Judge DeSoto rules on his motion for summary judgment and the Federal Defendants' cross-motions for summary judgment, consent is not required.  Instead, Judge DeSoto will "enter a recommendation disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1).  The parties then may object.  *See id.* at (b)(2)–(3); *see also* 28 U.S.C. § 636(b)(1)(B)–(C).

full discovery plan and list of experts [he] intend[s] to depose by March 1, 2022[.]" (*Id.* at 8.)

The problem with Mr. O'Neil's objection is that Judge DeSoto's case management plan provides him with the very relief he seeks from this Court, because it allows him to move to supplement or challenge the administrative record. (Doc. 38 at 2.) Mr. O'Neil's claims admittedly arise under the Administrative Procedures Act (Doc. 6 at 7–8), which provides four narrow circumstances under which a district court may consider extra-record evidence, *i.e.*, the expert testimony and materials that Mr. O'Neil hopes to collect over the next eight months. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Setting those exceptions aside, and absent a strong showing to the contrary, the agency is entitled to a presumption that the record is complete. *Native Ecosystems Council v. Marten*, 334 F. Supp. 3d 1124, 1129 (D. Mont. 2018).

Mr. O'Neil concedes that he has not completed his review of the administrative record in this case but assigns error to Judge DeSoto's case management plan based on his speculation that he can overcome the presumption of completeness. (*See* Doc. 39 at 4.) Again, the case management plan permits him to move to supplement or challenge the administrative record. While the Court is sympathetic to Mr. O'Neil's external obligations, that he and his staff have "been distracted by the press of other work during the past several months" and

must now scramble to meet deadlines is not evidence that Judge DeSoto's order is clearly erroneous or otherwise contrary to law. *See* Fed. R. Civ. P. 72(a).

Therefore, determining that Judge DeSoto's order (Doc. 38) is not clearly erroneous or otherwise contrary to law, Plaintiff Jerry O'Neil's Notice of Appeal and Objection[] to Magistrate's Denial of Motion for Custom Case Management Plan (Doc. 39) is OVERRULED and the relief sought therein is DENIED.

DATED this 8th day of February, 2021.

Dana L. Christensen, District Judge
United States District Court